Filed
8/23/2017 3:55 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Shelby Taylor

CAUSE NO. **17-DCV-244507**

| | | |
|---|---|---|
| LILLIAN ROMAN,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | |
| UNITED PROPERTY & CASUALTY<br>INSURANCE COMPANY,<br>Defendant, | §<br>§<br>§<br>§ | FORT BEND COUNTY, TEXAS<br>Fort Bend County - 434th Judicial District Court<br>_____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Lillian Roman, Plaintiff herein, and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of United Property & Casualty Insurance Company ("UPC Insurance" or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Lillian Roman, resides in Fort Bend County, Texas.

3. Defendant, United Property & Casualty Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon United Property & Casualty Insurance Company through its registered agent for service: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiff requests service at this time.

4.



## JURISDICTION

5.  The Court has jurisdiction over UPC Insurance because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of UPC Insurance's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

## VENUE

6.  Venue is proper in Fort Bend County, Texas because the insured property is located in Fort Bend County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.  Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

8.  Plaintiff owns a United Property & Casualty Insurance Company homeowner's insurance policy, number UTD752639200 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 9022 Morningstar Drive, Sugar Land, Texas 77479 ("the Property").

9.  UPC Insurance or its agent sold the Policy, insuring the Property, to Plaintiff. UPC Insurance or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home. UPC Insurance has refused the full extent of that coverage currently owed to Plaintiff.

10. On or about February 14, 2017, the Property sustained extensive damage resulting from a severe storm that passed through the Fort Bend County, Texas area.

11. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to UPC Insurance against the Policy for damage to the Property. UPC Insurance assigned claim number 2017TX020939 to Plaintiff's claim.

12. Plaintiff asked UPC Insurance to cover the cost of damage to the Property pursuant to the Policy.

13. UPC Insurance hired or assigned its agent adjuster to inspect and adjust the claim. The agent conducted an inspection on or about March 31, 2017. The agent's findings generated an estimate of damages totaling $504.06. After application of depreciation and deductible of $1,700.00 Plaintiff was left with without any recovery to make necessary repairs on her home.

14. UPC Insurance, through its agent, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15. UPC Insurance has ultimately refused full coverage which includes, but is not limited to, replacement of the roof and exterior damage damage not reported in UPC's estimate. Specifically, UPC's adjuster, Jessica Hernandez, allotted payment for "minimum roof charges." The third party adjuster hired to review the damage found hail and wind damage from the date of loss to the entire 29.6 squares of Plaintiff's roof. In addition, the third party adjuster found damage to the pipe jack, turtle vent, drip edge, step flashing, valley flashing, chimney flashing, roof vent, gutters, down spouts and wood fencing on the exterior of Plaintiff's Property.

16. The damage to Plaintiff's Property is currently estimated at $19,562.14.

17. As stated above, UPC Insurance improperly and unreasonably adjusted Plaintiff's claim. Without limitation, UPC Insurance misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

18. Since due demand was made on May 2, 2017, UPC Insurance has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

19. As a result of UPC Insurance's failure to provide full coverage, along with UPC Insurance's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

20. UPC Insurance failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, UPC Insurance refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

21. Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between UPC Insurance and Plaintiff.

22. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendant has not attempted to settle Plaintiff's claim in a fair manner, even though Defendant was aware of its liability to Plaintiff under the Policy. Specifically, Defendant has failed to timely pay Plaintiff's coverage due under the Policy.

23. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendant failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

24. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendant refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, UPC Insurance, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

25. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendant failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

26. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendant failed to meet its

obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendant has delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for her claim.

27. Defendant's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing her with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

28. UPC Insurance is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between UPC Insurance and Plaintiff.

29. UPC Insurance's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

30. UPC Insurance's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

31. UPC Insurance's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

32. UPC Insurance's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

33. UPC Insurance's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

34. UPC Insurance's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

35. UPC Insurance's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

36. UPC Insurance's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

37. UPC Insurance's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

38. UPC Insurance's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

39. UPC Insurance's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

40. UPC Insurance's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, UPC Insurance knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

41. UPC Insurance's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by UPC Insurance pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against UPC Insurance.

Specifically, UPC Insurance's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, UPC Insurance has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. UPC Insurance's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. UPC Insurance represented to Plaintiff that the Policy and UPC Insurance's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. UPC Insurance also represented to Plaintiff that the Policy and UPC Insurance's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Furthermore, UPC Insurance advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. UPC Insurance breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  UPC Insurance's actions are unconscionable in that UPC Insurance took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. UPC Insurance's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.  UPC Insurance's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

42. Each of the above-described acts, omissions, and failures of UPC Insurance is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

43. UPC Insurance is liable to Plaintiff for common law fraud.

44. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as she did, and UPC Insurance knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

45. UPC Insurance made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## KNOWLEDGE

46. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

47. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

48. Since the claim was made, UPC Insurance has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

49. Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

50. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation,

costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

51. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, consequential damages, together with attorney's fees.

52. The damage on Plaintiff's Property is estimated at $19,562.14.

53. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times her actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

54. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

55. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money UPC Insurance owed, and exemplary damages.

56. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

57. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

58. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. This statement from

Plaintiff's counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and the amount in controversy does not exceed $75,000 at this time. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

60. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

61. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, United Property & Casualty Insurance Company, be cited and served to appear, and that upon trial hereof, Plaintiff, Lillian Roman, have and recover from Defendant, United Property & Casualty Insurance Company, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest

as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Lillian Roman, may show herself justly entitled.

>Respectfully submitted,
>
>CHAD T. WILSON LAW FIRM PLLC
>
>By: /s/ *Chad T. Wilson*
>
>Chad T. Wilson
>Bar No. 24079587
>Stephen Mengis
>Bar No. 24094842
>455 East Medical Center Blvd., Ste 555
>Webster, Texas 77598
>Telephone: (832) 415-1432
>Facsimile: (281) 940-2137
>
>eService to:
>eservice@cwilsonlaw.com
>cwilson@cwilsonlaw.com
>smengis@cwilsonlaw.com
>
>ATTORNEYS FOR PLAINTIFF